Roy D. GOODNER, Petitioner,

v.

George W. LINDLEY, District Judge of
Stephens County, Oklahoma,
Respondent.

No. 66459.

Supreme Court of Oklahoma.

July 8, 1986.

J.W. Doolin, John P. Zelbst, Lawton, for
petitioner.

George D. Sherrill, Jr., DeBois, Sherrill
& Reynolds, Duncan, for respondent.

HARGRAVE, Justice.

This is an original action in this Court
brought by Roy D. Goodner for a writ of
prohibition to prohibit the respondent judge
from ordering physical or mental examina-
tions of petitioner in cause number P–86–23
of the District Court of Stephens County.

The real parties in interest in the cause below are four of petitioner Roy D. Goodner's children. They have brought an action to have a guardian appointed for Roy D. Goodner to manage his person and property, declaring the petitioner to be a mentally incompetent person under 58 O.S.1981 § 851 et seq.

Prohibition is sought here to stop four pending medical examinations sought to inquire into the physical and mental competence of petitioner. In the trial court the issue framed was the requirements and applicability of 12 O.S.Supp. 1982 § 3212. As the proceeding now stands, the allegation of incompetency is contained in the petition for appointment of a guardian:

"3. That Roy D. Goodner is mentally incompetent to care for himself or to manage his property, and that by reason of such mental incompetence his health and well being may suffer and his property may be wasted and lost."

No evidence has been taken and no affidavits or other materials have been presented to the trial court. Similarly, the supposed incompetent party has not appeared before the judge. Consequently, the proceeding stands here with only a allegation that the petitioner is incompetent.

As presented to this Court, the issue of ordering physical and mental examinations to be conducted by medical specialists rests under the authority of 12 O.S.Supp. 1982 § 3212. The issue here is whether § 3212 A or C is controlling. Section 3212 A is absolute.

"A. SCOPE WHEN ELEMENT OF CLAIM OR DEFENSE. When the physical, including the blood group, or mental condition of a party or of a person in custody or under the legal control of a party, is in controversy in any proceeding in which the person relies upon that condition as an element of his claim or defense, an adverse party may take a physical or mental examination of such person."

■ Respondent's position is that the petitioner is relying upon his competence as a defense to the guardianship petition, and thus the statute's subsection A expressly authorizes respondent to conduct physical and mental examinations. The law presumes everyone is competent. *In re Guardianship of Bogan*, 441 P.2d 972 (Okl.1968). See also, *Matthews v. Acacia Mutual Life Insurance Company*, 392 P.2d 369 (Okl.1964). The record before the Court contains one allegation of incompetency. In the absence of facts showing that Mr. Goodner is incompetent, he is then presumed to be competent. Under such circumstances there is no need for Mr. Goodner to assert a defense to the petition for appointment of a guardian for he is presumed to be legally competent.

■ The provisions of 12 O.S.Supp. 1982 § 3212 A allow a medical examination of a party to be taken by the adverse party when a party is relying upon that condition as an element of his claim or defense. This litigation has not advanced to the point where the petitioner has asserted his competency as a defense to the petition for appointment of a guardian. The allegation of incompetence found in the petition does not dispel the presumption of competence, and therefore, at this stage in the guardianship proceeding, physical and mental examinations are not a matter of statutory right under 12 O.S.Supp. 1982 § 3212 A. The conclusion reached in this original action is addressed solely to the specific posture this case presents and to the specific instance of a guardianship proceeding. The result reached is mandated by the specific language of the statute and the nature of a guardianship proceeding. It is clear that one's liberty and the right to control his property should not be taken away or withheld except for urgent reasons. *In re Washam's Estate*, 364 P.2d 896 (Okl.1961). To allow unrestricted demands for medical or psychological examinations of an alleged incompetent solely by virtue of an allegation couched in the language of the guardianship statute encroaches upon the liberty of the alleged incompetent in the absence of any facts at all. This Court has stated

that a person's liberty should not be fettered except for urgent reasons.

■ In light of the above discussion, and under these conditions, 12 O.S.Supp. 1982 § 3212 C is applicable to these proceedings and the request for medical examinations:

"C. ORDER FOR EXAMINATION. When the physical, including the blood group, or mental condition of a party, or a person in the custody or under the legal control of a party, is in controversy but does not meet the conditions set forth in subsection A of this section, the court in which the action is pending may order the party to submit to a physical or mental examination by a physician or to produce for such examination the agent, employee or person in his custody or legal control. The order may be *made only on motion for good cause shown* and upon notice to the person to be examined and to all parties. The order shall specify the time, place, manner, conditions and scope of the examination and the person or persons by whom it is to be made." (emphasis added)

As we have discussed above the conditions of subsection A have not been met and therefore C controls. Subsection C specifies orders for medical examinations may only be made upon motion and for good cause shown. The allegation in the petition for appointment does not meet this requirement.

It is therefore the decision of this Court that the trial court's order for medical examination is hereby permanently stayed, until such time as, upon remand, good cause is demonstrated to the trial court for issuing an order for medical examination under 12 O.S.Supp. 1982 § 3212 C.

STAY ISSUED.

CAUSE REMANDED FOR FURTHER PROCEEDINGS NOT INCONSISTENT WITH THIS OPINION.

SIMMS, C.J., and HODGES, LAVENDER and ALMA WILSON, JJ., concur.

OPALA, KAUGER and SUMMERS, JJ., concur in result.